UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH H. BULOW,

        Petitioner,

v.                                                    Case No.    04-C-0887

JUDY P. SMITH,

        Respondent.

## DECISION AND ORDER

In June 2001, Petitioner Kenneth H. Bulow was charged in the Circuit Court for Oneida County with one count of first-degree sexual assault of a child. On July 25, 2002, as the result of a plea agreement with the State, he pled no contest to one count of exposing a child to harmful materials as a habitual criminal. He was sentenced to five years of confinement and three years of extended supervision. Petitioner claims that the term of imprisonment was impermissibly extended based on habitual criminality. He claims that he did not admit prior conduct to allow the court to find habitual criminality and that he did not receive proper notice with regard to the habitual criminality enhancer. Having exhausted his state court remedies, petitioner now seeks federal habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, I conclude that his petition must be denied.

## I. FACTS

On June 1, 2001, Petitioner Kenneth H. Bulow was charged in the Circuit Court of Oneida County with one count of first-degree sexual assault, contrary to Wis. Stat. § 948.02(1). On July

25, 2002, the State and Bulow reached a plea agreement that required Bulow to plead no contest to one count of exposing a child to harmful materials as a habitual criminal, contrary to Wis. Stat. §§ 948.11(2)(a)(1) and 939.62.[1] Bulow had twenty days to appeal his conviction, Wis Stat. § 973.18, but he did not appeal.

Bulow filed three motions to modify his sentence in the Circuit Court of Oneida County between June and October 2003, all of which attacked his conviction and sentence. All three motions were denied. In March 2004, Bulow filed a motion in the Wisconsin Court of Appeals requesting that he be allowed to file a late notice of intent to pursue post-conviction relief and claiming he was improperly sentenced as a habitual criminal. This motion was denied. In June 2004, Bulow filed a motion in the Wisconsin Supreme Court claiming he was improperly sentenced as a habitual criminal. On August 2, 2004, the court denied this motion. After the Wisconsin Supreme Court denied the motion, Bulow filed his petition for federal habeas corpus.

## II. ANALYSIS

Title 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), states that an application for writ of habeas corpus by a person in custody for a state conviction must be filed within one year of the latest of (A) the date direct review concluded; (B) the date an unlawful impediment to filing a petition is removed; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if newly recognized; or (D) the date on which the factual predicates of the claim could have been discovered through the exercise of due diligence. Any time during which a properly filed application for state

---

[1]The habitual criminality enhancer was based on Bulow's conviction for first-degree sexual assault of a child in Walworth County, Wisconsin, in 1993. Bulow was paroled on this conviction in 2000.

post-conviction relief is pending is not counted toward the limitations period. 28 U.S.C. § 2244(d)(2).

Petitioner Bulow has not claimed, nor does it appear, that there was an unlawful impediment to his filing a petition; that there was a newly recognized constitutional right; or that there were factual predicates of the claim that could have been discovered using due diligence. Therefore, the clock started running from the time direct review concluded.

In Wisconsin, a defendant seeking post-conviction relief in a criminal case must file a notice of intent within twenty days after the sentencing. *See* Wis. Stat. § 809.30(2)(b). A defendant's conviction becomes final when his time to seek direct review expires. *See Farmer v. Litscher*, 303 F.3d 840, 845-846 (7th Cir. 2002)(ruling that a Wisconsin defendant's conviction, who never appealed, became final for purposes of § 2244(d)(1) when his time expired according to Wis. Stat. § 809.30(2)(b)). Petitioner Bulow was convicted and sentenced on July 25, 2002. He needed to file his notice to seek direct review by August 14, 2002. Because he did not file notice to seek direct review, his time to file for habeas corpus began to run on August 14, 2002.

The one-year statute of limitation is tolled when there is a properly filed application for state post-conviction relief that is pending. 28 U.S.C. § 2244(d)(2). An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Even a claim that is procedurally barred will toll the one-year statute of limitations provided it is properly filed. *Id.*

In this case, petitioner did file several motions with the state courts, but they do not even come close to tolling the amount of time petitioner needs in this case. The first motion was filed on June 2, 2003, and was denied on June 16, 2003. This motion tolled the statute of limitations for

3

fifteen days. The next motion was filed on August 3, 2003, and was denied on August 22, 2003. This motion tolled the statute of limitations for twenty days. The last sentence modification motion was filed on October 29, 2003, and was denied on November 5, 2003. This motion tolled the statute of limitations for eight days.[2]

As noted, the time for petitioner to file his habeas corpus petition began to run on August 14, 2002. Even after adding the forty-three days during which petitioner had a "properly filed" motion pending in the state courts, petitioner's current federal petition, filed on September 15, 2004, was filed approximately one year late. Therefore, his claim is barred by the one-year statute of limitations. Because the petition is time barred, I need not address the merits of its claims.

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is denied and this case is dismissed.

Dated this   22nd   day of November, 2005.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge

---

[2] Petitioner also filed two motions seeking relief to allow him to file a late notice of intent to pursue post-conviction relief. However, these were filed outside of the one-year statute of limitations and, thus, do not toll the statute of limitations.